**Herbert J. Meyer, Appellee, v. United States Fidelity and Guaranty Company, Appellant.**

**Gen. No. 46,413.**

First District, First Division.

December 13, 1954.

Rehearing denied January 3, 1955.

Released for publication March 7, 1955.

Eugene P. Kealy, of Chicago, for appellant; Francis L. Brinkman, of Chicago, of counsel.

Maurice R. Kraines, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Herbert J. Meyer sued the United States Fidelity and Guaranty Company upon a policy of insurance issued to protect him against certain types of losses in

the operation of a currency exchange in Chicago. On issues joined the court entered judgment against the defendant for $3,160.15 and it appeals. The only question presented is whether the loss falls within the provisions of the policy.

The currency exchange consisted of a public anteroom and a cage. In order to comply with a rule of the auditor of public accounts that the money order account be kept in balance it was the custom of William G. King, cashier of the currency exchange, to deposit daily in the bank to the credit of the account current funds equal to the total of the money orders issued on the previous day. Each evening a tape was run on an adding machine of the money orders issued and the tape and the applications for the money orders were set aside for the following day, when the payroll checks of customers which had been cashed were set aside until an amount in checks approximately equal to the previous day's money order total was reached. The daily procedure was that these checks and the amount of cash needed to equal the money order liability be placed in an envelope with deposit slips and delivered to Brink's Express Company to be deposited in a bank to the credit of the money order account.

The money orders issued on Friday, December 23, 1949, amounted to $3,160.15. On the following day the payroll checks and currency aggregating $3,160.15 with deposit slips, intended for deposit to the credit of the money order account, were placed in an unsealed envelope. Rubber bands were stretched around a packet about an inch thick consisting of the unsealed envelope containing the checks, currency and deposit slips and the money order applications and this packet was placed on the counter in the cage. The cashier knew that the express company representative would not visit the exchange until Tuesday, December 27, as Christmas day fell on Sunday and would be celebrated

400

on Monday. As Mr. King was about to close the exchange on Saturday evening he made up bundles of currency and other items and stacked them on the counter next to the deposit packet. He then grasped the "bundles" and put them on top of the safe. He intended to put the bundles, including the packet, in the safe. As his eyes followed each "bundle" to its place in the safe he did not notice whether the packet containing the $3,160.15 fell into the waste paper carton nearby. He shut and locked the safe door, kicked the carton into the public vestibule, closed the door to the cage and left. Any waste paper in the vestibule is customarily burned by the porter.

On Tuesday morning, in conjunction with a man from the express company, King opened the cage and the safe. Customers were waiting at the window and he took out only so much of the contents of the safe as were immediately needed and waited upon them. Thereafter from time to time he took out the other bundles which he had stored in the safe on Saturday night. On Tuesday afternoon, in anticipation of the express company pickup, King and a brother of plaintiff looked for the packet and discovered that it was missing. The missing checks were "never located."

Plaintiff asserts that the evidence establishes that his cashier negligently misplaced the funds, causing their destruction, and that the loss is covered by the policy. He says that the policy protects him against loss arising from negligent misplacement of property. The policy consists of two parts, one covering bankers and the rider that modifies and extends the provisions to include the operation of a currency exchange. Clause B of the policy covers indemnification against loss through robbery, burglary, theft, holdup, larceny, damage or destruction (however or by whomsoever such damage or destruction may be caused and whether it be "effective" with or without violence) while the prop-

erty is within any of the offices of the insured. Plaintiff relies heavily on section 13 of the policy as granting additional coverage. That section should be read with section 2. The latter fixes the limitation of twelve months after cancellation or termination of the policy within which any loss must be discovered. We agree with defendant that section 13 is not an insuring clause. It amplifies or defines the twelve-month period by stating that if any loss is discovered which is "under this bond" then the bond (policy) is reinstated as to any loss or losses sustained while the bond was in force and discovered within the twelve-month period after termination, and that such reinstatement shall be effective even though there had been previously a loss under the bond which the underwriter may have paid or became liable to pay. The remaining language of the section places a further limitation on reinstatement in fixing a maximum amount of liability to any one act of several categories to the maximum figure of $15,000.

■ ■ Given the most favorable interpretation the evidence does not establish that the missing packet was destroyed. Simple disappearance is no proof of destruction. Plaintiff's theory of destruction of the packet is based upon conjecture and even under the conjecture the destruction would have taken place outside of the insurable area. In our opinion all that the evidence shows is a mysterious disappearance of the checks and the policy did not cover that kind of a loss. Therefore, the judgment of the superior court of Cook county is reversed and the cause is remanded with directions to enter judgment for the defendant and against the plaintiff.

Judgment reversed and cause remanded with directions.

FRIEND and NIEMEYER, JJ., concur.